1 | Robert S. Green (State Bar No. 136183)
2 | James Robert Noblin (State Bar No. 114442)
   | Evan M. Sumer (State Bar No. 329181)
3 | **GREEN & NOBLIN, P.C.**
   | 4500 East Pacific Coast Highway, Fourth Floor
4 | Long Beach, California 90804
   | Telephone:  (562) 391-2487
5 | Facsimile:  (415) 477-6710
6 | Email: gnecf@classcounsel.com

7 | William B. Federman (*pro hac vice pending*)
   | **FEDERMAN & SHERWOOD**
8 | 10205 N. Pennsylvania Ave.
9 | Oklahoma City, Oklahoma 73120
   | Phone: 405-235-1560
10 | Fax: 405-239-2112
11 | Email:  wbf@federmanlaw.com

12 | Attorneys for Plaintiff
   | COLBY WATSON
13 |

14 | **UNITED STATES DISTRICT COURT**

15 | **CENTRAL DISTRICT OF CALIFORNIA**

16 |

| COLBY WATSON, on behalf of himself and all others similarly situated, | Case No.: |
|---|---|
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| | **DEMAND FOR JURY TRIAL** |
| vs. | |
| GOOP, INC., | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff Colby Watson ("Plaintiff" or "Mr. Watson"), by his attorneys, on behalf of himself and the Class set forth below, alleges the following upon information and belief, except for those certain allegations that pertain to Plaintiff, which are based on Plaintiff's personal knowledge.

## I.   NATURE OF THE ACTION

1.   This action relates to the marketing and selling of certain defective candles sold by Defendant Goop Inc. ("Defendant", "Goop" or the "Company") that have latent and inherent defects. These candles "explode," or suffer catastrophic failure during the candle's normal usage because of a design defect and/or manufacturing flaw.

2.   The subject candle holds the unique name of "This Smells Like My Vagina" (the "candle" or "candles" herein).

3.   The candles are described as having a "beautifully unexpected scent," and are allegedly made with "geranium, citrusy bergamot, and cedar absolutes juxtaposed with Damask rose and ambrette seed to put us in a mind of fantasy, seduction, and a sophisticated warmth."[1]

4.   On January 14, 2021 Mr. Watson purchased the candle online from Goop's website, goop.com.

5.   The candles continue to be sold on Goop's website despite the Company's knowledge of its tendency to explode and possibly cause injuries and/or property damage.

6.   The 10.5 ounce candle retails for $75.00.

7.   Plaintiff brings this action on behalf of himself and other purchasers of the candle in the United States or its territories from January 2021 to present.

---

[1] *See* https://goop.com/heretic-this-smells-like-my-vagina-candle/p/.

Plaintiff seeks relief in the form of: (1) an injunction against Defendant from any further sales of the candle and to take such other remedial action as may otherwise be requested herein; and (2) money damages to adequately and reasonably compensate owners of the candle who have, through no fault of their own, purchased defective and dangerous vagina-scented candles.

## II.    PARTIES

8.    Plaintiff Watson is a citizen and resident of the State of Texas.

9.    Defendant Goop Inc. is a Delaware corporation headquartered in Santa Monica, California, which is part of this District. On information and belief, Goop Inc. designs the candles that have been sold to Plaintiff and other consumers in this District. At all times relevant hereto, Goop Inc. was in the business of distributing, marketing, promoting, and selling the candle described herein throughout the United States and in this District. Defendant also has a brick and mortar retail store located in this District. Thus, Goop Inc. purposely directed its conduct towards this District and at all times relevant engaged in a continuous course of business in this District by selling thousands of candles and other consumer goods in this District every year.

## III.    JURISDICTION AND VENUE

10.    This Court has original jurisdiction over this Class action pursuant to 28 U.S.C. § 1332(d)(2). The claims of the Class members are in excess of $5,000,000 in aggregate, exclusive of interest and costs, and at least one member of the Class is a citizen of a state different from the Defendant. For example, Plaintiff is a citizen of Texas and the Defendant is a citizen of the state of California.

11.    This Court has jurisdiction over Defendant because it transacts business in this state, has purposely availed itself of the laws of this state, and because a substantial part of the events giving rise to Plaintiff's causes of action occurred in this state. Therefore venue is appropriate pursuant to 28 U.S.C. § 1391.

class action complaint

## IV.   FACTUAL ALLEGATIONS

12.   Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.   On January 14, 2021, Plaintiff purchased the candle online from Defendant's website, goop.com.

14.   Plaintiff has used his candle solely for its intended purpose as a personal home decoration until on or around February 6, 2021, when the candle exploded.

15.   Plaintiff utilized the candle in accordance with the way in which a reasonable consumer would expect to utilize a candle.

16.   On or around February 6, 2021, Plaintiff lit the candle for the first time.

17.   Plaintiff burned the candle on his nightstand. The candle was not touching or adjacent to anything except the level surface of the counter upon which it sat. There were no objects or loose materials above or in close proximity to the candle. There were no open windows or appreciable drafts in his bedroom.

18.   After burning for an estimated three hours or less, the candle became engulfed in high flames.

19.   Shortly thereafter, Plaintiff discovered the candle had exploded and that the room in his home where the candle was located was filled with smoke.

20.   The jar in which the candle sits is now charred and black.

21.   The candle left a black burn ring on the nightstand where it was sitting when it became engulfed in flames.

22.   Plaintiff and Class Members are likely to purchase the same type of candle from Defendant in the future and is likely to be similarly misled by Defendant's claims unless the product is recalled and the design and safety defects as stated herein are remedied.

1

## V.   THE VAGINA-SCENTED CANDLES



*See* https://goop.com/heretic-this-smells-like-my-vagina-candle/p/.

23.   Defendant is the brainchild of actor Gwyneth Paltrow.

24.   In 2008, Ms. Paltrow founded the Company as a weekly newsletter.[2]

25.   Defendant has since grown into a major company with annual revenues estimated to be in or exceed $60 million and has a huge online presence with its website, with a focus on "healthy living" or "clean" products, which usually come with a staggering price tag.

26.   Goop also has brick and mortar retail stores in affluent locations around the United States, including Santa Monica, California, New York City, San Francisco, Montecito, California, Kohala Coast, Hawaii, and Sag Harbor, New York.[3]

27.   Goop's online retail store sells a variety of goods from beauty products, clothing, jewelry (such as the $43,200.00 Gold Chrona Chandelier earrings),

---

[2] *See* https://goop.com/whats-goop/.
[3] *See* https://goop.com/goop-retail-store-locations/.

accessories (such as a $66.00 jade egg, which the website recommends inserting into one's vagina to "harness the power of energy work"), books, home décor, and even sex toys (such as the $3,490.00 Olga vibrator).

28.     Defendant's website also includes portions related to beauty, food and home, style, travel, wellness, and "goop PhD", which touts itself as "a hub for thoroughly researched health information."[4]

29.     As stated above, the 10.5 ounce candle, which comes in a cheeky, euphemistic box covered in calla lilies, retails for a startling $75.00.

30.     Apparently the first time Ms. Paltrow smelled the candle, she was quoted as saying, "I smelled this beautiful thing and I said, 'this smells like my vagina.'…I was kidding."[5]

31.     It is not the only female genitalia-scented product Defendant offers, though. Defendant also sells a roll-on perfume with the same scent (10 ml for $45.00), and a smaller, 2.25 ounce, votive version of the subject candle (for $20.00).

32.     Defendant also sells other candles, including ones called, "This Smells Like My Prenup" and "This Smells Like My Orgasm."

33.     However, it is the vagina-scented candles at issue in this action that have recently made national and international news.

34.     The United Kingdom-based publication *The Sun* first published a story on January 18, 2021 of a London woman whose candle exploded upon lighting it.

35.     "The candle exploded and emitted huge flames, with bits flying everywhere," the woman said. "I've never seen anything like it. The whole thing was ablaze and it was too hot to touch. There was an inferno in the room."[6]

---

[4] *See* https://goop.com/goop-phd/.
[5] *See* https://www.harpersbazaar.com/uk/beauty/fragrance/a30510012/gwyneth-paltrow-vagina-candle/.
[6] *See* https://www.vanityfair.com/style/2021/01/gwyneth-paltrow-goop-vagina-candle-exploded-inferno-sparks.

36.   As explained above, this case involves candles, which in multiple instances, "explode."  When the candles explode, they do so with such force that the candles are irreparably damaged.  Indeed, the force of the explosion is capable of seriously injuring people and damaging property, of which Defendant has been aware, rendering the candles unsafe for ordinary use.

37.   Defendant has been on notice since at least January 18, 2021 of the exploding candles yet, as of the time of this filing, the candles are still available for purchase on Defendant's website.

38.   Indeed, the exploding candle has been covered by multiple news sources, including an article published in *Forbes* on January 19, 2021 ("Gwyneth Paltrow's Goop 'Vagina' Candle Reportedly Explodes, Here's the Reaction")[7], an article published in *The Guardian* on March 19, 2021 ("Experience: Gwyneth Paltrow's vagina candle erupted in my front room: flames roared half a metre out of the jar and bits of molten wax flew out as it fizzed and spat")[8], and a January 19, 2021 article in *Vulture* ("Gwyneth Paltrow's Vagina Candle Exploded", where the woman's candle was described as creating "an inferno in the room.")[9].

39.   As of the filing of this Complaint, Defendant has not warned customers of the defect or instructed purchasers on how to handle situations in which the candles become engulfed in flames and/or explode.

40.   Defendant has failed to disclose the existence of this defect to Plaintiff and other customers and purchasers, has failed to recall the defective candles, and has failed to reimburse Plaintiff and other purchasers for the cost of purchasing the

---

[7]   *See*  https://www.forbes.com/sites/brucelee/2021/01/19/gwyneth-paltrows-goop-vagina-candle-reportedly-explodes-heres-the-reaction/?sh=524865456301.
[8]   *See* https://www.theguardian.com/lifeandstyle/2021/mar/19/experience-gwyneth-paltrows-vagina-candle-erupted-in-my-front-room.
[9]   *See*   https://www.vulture.com/2021/01/gwyneth-paltrow-goop-vagina-scented-candle-exploded.html.

1    defective candle and/or the injuries and damages they suffered as a result of
2    Defendant's conduct.

3         41.    The candles do have a limited warning on Goop.com's website but fails
4    to address the known danger complained of herein:

5                  WARNING: BURN CANDLE WITHIN SIGHT. KEEP
6                  AWAY FROM THINGS THAT CATCH FIRE. KEEP
7                  OUT OF REACH OF CHILDREN AND PETS. TRIM
8                  WICK TO 1/8" BEFORE EVERY LIGHTING. PLACE
9                  ON A STABLE, HEAT RESISTANT SURFACE. KEEP
10                 WAX POOL FREE OF DEBRIS. DO NOT BURN FOR
11                 MORE THAN TWO HOURS AT A TIME. ALLOW
12                 GLASS    TO    COOL    COMPLETELY    BEFORE
13                 HANDLING.[10]

14        42.    However, this warning is inapplicable to Plaintiff's and the Class
15   members' situation. In fact, if a consumer were to burn the candle within one's sight,
16   one could possibly suffer significant injury when the candle explodes.

17        43.    The candles are inherently dangerous.

18   **VI.   CLASS ALLEGATIONS**

19
20        44.    Plaintiff brings this suit as a class action on behalf of himself and on
     behalf of others similarly situated pursuant to Federal Rule of Civil Procedure 23(a),
21   23(b)(2), and/or 23(b)(3) (the "Class" or "Nationwide Class"). The proposed Class
22   consists of:
23
24        All residents of the United States who purchased a "This Smells Like My
     Vagina" candle from Goop Inc. between 2020-2021.
25

26

27   _____
     [10] https://goop.com/heretic-this-smells-like-my-vagina-
28   candle/p/?variant_id=74552.

45.     Plaintiff also bring this suit as a class action on behalf of the following subclass ("Texas Subclass"):

All residents of the State of Texas who purchased a "This Smells Like My Vagina" candle from Goop Inc. between 2020-2021.

46.     Plaintiff reserves the right to modify, change, or expand the definition of the Nationwide Class or Texas Subclass, or to propose alternative or additional subclasses based on discovery and further investigation.

47.     Unless otherwise indicated, the Class and the Texas Subclass are referred to herein jointly as the "Class."

48.     Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers, and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the designated protocol for opting out, and all judges and magistrate judges assigned to hear any aspect of this litigation, as well as their immediate family members.

49.     **Numerosity**: Plaintiff does not know the exact number of Class Members, but believes the Class comprises thousands of individuals throughout the United States. As such, the members of the Class are so numerous that joinder is impracticable. The subject candle has gained much attention and notoriety after it was debuted in 2020 and oftentimes is out of stock due to its popularity.

50.     **Typicality**: Plaintiff's claims are typical of the claims of the entire Class because Plaintiff purchased a candle from Goop's website. Plaintiff and Class Members were injured through Defendant's uniform misconduct and their legal claims arise from the same core practices of Defendant.

51.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).  Plaintiff has no interests antagonistic to those of other Class members.  Plaintiff is committed to the vigorous prosecution of this action and has

retained counsel experienced in litigation of this nature to represent him. Plaintiff's counsel has the financial resources to vigorously prosecute this action. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other Class Members.

52.   **Commonality**: Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including, but not limited to:

a.   whether the candles pose unreasonable safety risks to consumers;

b.   whether Defendant knew, or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

c.   whether Defendant concealed the safety risks the candles pose to consumers;

d.   whether the safety risks the candles pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase the candles;

e.   whether the candles possess material defects;

f.   whether Defendant knew or should have known of the inherent defects in the candles when it placed them into the stream of commerce;

g.   whether Defendant concealed the defects from consumers;

h.   whether the existence of the defects are material facts reasonable purchasers would have considered in deciding whether to purchase a candle;

i.   whether the candles are merchantable;

j.   whether the candles are fit for their intended use;

k.   whether Defendant was unjustly enriched by the sale of defective candle to the Plaintiff and the Class;

l.  whether any false warranties, misrepresentations, and material omissions by Defendant concerning its defective candles caused Class Members' injuries; and

m.  whether Defendant should be enjoined from further sales of the candle.

53. **Predominance**: The proposed action meets the requirements of Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions that may affect only individual Class Members in the proposed Class.

54. **Superiority:** Class certification under Federal Rule of Civil Procedure 23(b)(3) is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

55. Class members have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct.

## FIRST CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY[11]

56. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

---

[11] On April 30, 2021, Plaintiff mailed to Defendant's agent notice pursuant to the Texas Deceptive Trade Practices Act-Consumer Protection Act V.T.C.A. Business and Commerce Code § 17.41 *et seq*. ("Texas DTPA").  Defendant has until approximately June 29, 2021 to respond. If Defendant is unwilling to settle this action, Plaintiff intends to seek leave to amend his complaint to bring allegations that Defendant violated the Texas Deceptive Trade Practices Act-Consumer Protection Act because Defendant unfairly, unconscionably, and deceptively

advertised, marketed, sold, and represented the candles as safe to members of the Texas Subclass.

Before it advertised, marketed and sold the candles, Defendant knew or should have known of the defective nature and unreasonable dangers posed by the candles.

Plaintiff and the Texas Subclass purchased and used the candles for personal use and thereby suffered ascertainable losses as a result of Defendant's actions in violation of the consumer protection laws. To their detriment, Plaintiff and the Texas Subclass relied on Defendant's misrepresentations related to the safety of the candles.

Had Defendant not engaged in the deceptive conduct described herein, Plaintiff and the Texas Subclass would not have purchased and/or paid for the candles and would not have incurred the related costs and injuries.

Defendant engaged in the deceptive conduct while at the same time obtaining, under false pretenses, moneys from the injured Plaintiff and Texas Subclass that would not have been paid had Defendant not engaged in unfair and deceptive conduct.

Unfair methods of competition or deceptive acts or practices that were proscribed by law include, *inter alia*, the following:

- Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
- Knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;
- Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

*See*, Tex. Bus. & Com. Code Ann. § 17.46, *et seq.*

Defendant has a statutory duty to refrain from unfair or deceptive acts or trade practices in the design, development, manufacture, promotion, and sale of the candles.

Had Defendant not engaged in the deceptive conduct described above, the injured Plaintiff and Texas Subclass would not have purchased and/or paid for the candle and would not have suffered the related damages.

Defendant's deceptive, unconscionable, and/or fraudulent representations and material omissions to Plaintiff and the Texas Subclass constituted unfair and deceptive acts and trade practices in violation of the Texas DTPA.

-11-

1
2
3

4       Defendant has engaged in unfair competition, unfair and/or deceptive acts or
5   trade practices, and/or has made false representations in violation of Tex. Bus. &
    Com. Code Ann. § 17.46, *et seq.*
6       Under the statute listed above to protect consumers against unfair, deceptive,
7   fraudulent and unconscionable trade and business practices and false advertising,
8   Defendant is the supplier, manufacturer, advertiser, and seller, and is subject to
    liability under such legislation for unfair, deceptive, fraudulent and unconscionable
9   consumer sales practices.
10      Defendant violated the statutes that were enacted in Texas to protect
    consumers against unfair, deceptive, fraudulent and unconscionable trade and
11  business practices and false advertising, by knowingly and falsely representing that
12  the candles were fit to be used for the purpose for which they were intended, when
    in fact the candles were defective and dangerous as alleged herein. These
13  representations were made in uniform promotional materials.
14      Defendant had actual knowledge of the defective and dangerous condition of
    the candles and failed to take any action to cure such defective and dangerous
15  conditions.
16      The injured Plaintiff and the Texas Subclass relied upon Defendant's
    misrepresentations and omissions in determining which candle to purchase.
17      By reason of the unlawful acts engaged in by Defendant, and as a direct and
18  proximate result thereof, Plaintiff and the Texas Subclass has suffered ascertainable
    losses and damages.
19      As a direct and proximate result of Defendant's violations of the Texas
20  DTPA, the injured Plaintiff and Texas Subclass have sustained economic losses and
    other damages and are entitled to statutory and compensatory, damages in an
21  amount to be proven at trial.
22      As specifically described in detail above, Defendant knew that the candles
    were defective, could not perform for the purposes they were marketed or intended
23  and were dangerous for use by Plaintiff and the Texas Subclass.
24      As a direct and proximate result of Defendant's representations, Plaintiff and
    the Texas Subclass has experienced and/or will experience significant damages,
25  including but not limited to mental anguish and/or physical injuries, loss of the use
26  of their candles, time spent seeking to have their candles replaced, and money lost
    on the purchase of new, safe candles.
27      Pursuant to Tex. Bus. & Com. Code Ann. § 17.50, *et seq*, Plaintiff and the
28  Texas Subclass will request treble damages and attorneys' fees and costs.

-12-
CLASS ACTION COMPLAINT

class action complaint

57.    The candles owned by Plaintiff and Class Members were defectively designed and manufactured and pose serious and immediate safety risks to consumers and the public.

58.    These defects were present in such candles at the point of sale of the candles.

59.    The candles owned by Plaintiff and Class Members were sold directly by Defendant to Plaintiff and Class Members, either through Defendant's website or in one of its retail stores, thereby creating sufficient direct dealings between Defendant and Plaintiff and the Class Members to establish privity of contract.

60.    Such defects place consumers and the public at serious risk for their own safety when the candles are used in consumers' homes.

61.    At all times relevant hereto, Defendant was under a duty imposed by law requiring that a merchant's product be reasonably fit for the ordinary purposes for which the product is used, and that the product be acceptable in trade for the product description. This implied warranty of merchantability is part of the basis for the bargain between Defendant, on the one hand, and Plaintiff and Class Members, on the other.

62.    Notwithstanding the aforementioned duty, at the time of delivery, Defendant breached the implied warranty of merchantability in that the candles were defective and posed a serious safety risk at the time of sale, were not in merchantable condition, would not pass without objection, are not fit for the ordinary purposes for which such goods are used (safely burning), and failed to conform to the standard performance of like products used in the trade.

63.    Defendant knew or should have known that the candles pose a safety risk and are defective and knew or should have known that selling the candles to Plaintiff and Class Members constituted a breach of the implied warranty of merchantability.

class action complaint

64.    Defendant was on notice that the candles were not fit for use within a reasonable time after the defect manifested to Plaintiff and the Class.

65.    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and Class Members bought the candles without knowledge of their defects or their serious safety risks.

66.    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and Class Members purchased unsafe products which could not be used for their intended purpose, including burning safely indoors.

67.    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and Class Members have suffered damages and did not receive the benefit of their bargain.

68.    Defendant was unjustly enriched by keeping the profits for the unsafe products while never having to incur the cost of repair, replacement, or a recall.

69.    The defectively designed candles purchased by Plaintiff and all other Class Members are unfit for their intended and ordinary purposes because they are prone to explode when operated as instructed and intended by Defendant.

70.    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and all the Class Members have been damaged in an amount to be determined at trial.

71.    Plaintiff and Class Members are entitled to recover damages are provided by statute, costs, attorneys' fees, and other relief as is deemed appropriate pursuant to the laws of California.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY

72.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

73.    Defendant is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling candles, and did design, manufacture, distribute, advertise, market, promote and/or sell the candles at issue herein.

74.    Defendant had the right to control and did control the design of the candle sold to Plaintiff and the Class.

75.    Defendant's candles were expected to and did reach Plaintiff and Class Members without substantial change in the condition in which they were manufactured, sold and distributed.

76.    The candles were in a defective and unreasonably dangerous condition when they left Defendant's possession or control in that, under normal conditions, usage and applications, they could not withstand the use for which they were intended.

77.    Plaintiff and Class Members used the subject candles in a manner reasonably intended by Defendant.

78.    Defendant sold the candles to Plaintiff and Class Members that were in a similarly defective condition and unreasonably dangerous when put to reasonably anticipated use.

79.    The candles were defective because they were not safe for ordinary and intended use; Defendant failed to provide Plaintiff and Class Members either directly or indirectly, with adequate and sufficient warning regarding the known or foreseeable risks and dangers inherent in the candles; the candles contained material design, materials, and manufacturing defects and were not reasonably safe due to such defects; the design, methods of manufacture, and testing of the candles did not conform to generally recognized and prevailing standards or the state of the art in existence at the time the design was made and the candles were manufactured; and at the time the candles left Defendant's control, the foreseeable risks associated with the candles' design exceeded the benefits associated with that design.

80.   The candles were defectively designed in the following respects:

   a.   Failure to specify adequate heat strength of the candle's glass container, including but not limited to appropriate scratch test and temper specifications;

   b.   Failure to design the candle's glass container with adequately thick glass in a shape proportionately appropriate to the burn rate of the wick with the wax and additives used in the candle, such that the candle would not be prone to excessive pooling, tunneling, or other conditions likely to overheat the wax;

   c.   Failure to specify a formula for wax and additives which, when combined in the finished candle, demonstrated oil content, flash point, melting point, and ignition point that were safe for the combination of the candle's condition and wick;

   d.   Failure to design to limit the flame height to three inches or less;

   e.   Failure to design to meet industry standards for end of useful life of the candle;

   f.   Failure to adequately test the candle's design for safety and adherence to industry standards;

   g.   Failure to write instructions to accompany the candle which would inform consumers how to safely extinguish a candle that began burning out of control, burning with flames more than three inches high, or when the candle flashed over (the wax itself started burning); and

   h.   Any other design defects discovered in the course of this litigation.

81.   Plaintiff and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of the defective condition.

82.   The incident described Paragraphs 11 through 20 of this Complaint was caused by the defective candle Defendant sold to Plaintiff.

83.   Defendant acted with malice, oppression and/or fraud, and in conscious and flagrant disregard of the safety of their consumers, by manufacturing and selling the candles known to them to be defective and unreasonably dangerous. As alleged, Defendant knew or should have known that the defects would cause their candles to fail, damage the candle and other property, and threaten the personal safety of consumers.   Defendant knew or was repeatedly informed of the serious defects in the candles, yet failed to take any remedial action and instead continued to sell this defective product. Given Defendant's conscious disregard for the safety of the public, Plaintiff and Class Members seek exemplary or punitive damages.

## THIRD CAUSE OF ACTION
### NEGLIGENCE

84.   Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

85.   Defendant knew, or by exercise of reasonable care, should have known that the candles it sold to Plaintiff and Class Members were dangerous when used in an ordinary manner.

86.   Defendant had no reason to believe that Plaintiff or other Class Members would realize that the candles were dangerous.

87.   Defendant owed Plaintiff and other Class Members a duty of care.

88.   Defendant's duty of care to Plaintiff and other Class Members included, but was not limited to, the following:

      a.   A duty to refrain, in the course of selling the candles, from actions and omissions that would cause a reasonably foreseeable risk of harm to Plaintiff and other Class Members;

class action complaint

b. A duty to refrain, in the course of marketing the candles, from actions and omissions that would cause a reasonably foreseeable risk of harm to Plaintiff and other Class Members;

c. A duty to refrain, in the course of causing and ordering the production of the candles, from actions and omissions that would cause a reasonably foreseeable risk of harm to Plaintiff and Class Members;

d. A duty to take reasonable steps to mitigate reasonably foreseeable risk of harm to Plaintiff and other Class Members caused by the use of candles Defendant sold, marketed, and ordered to be manufactured;

e. A duty to adequately warn Plaintiff and Class Members of the reasonably foreseeable risks of harm from the use of the candles it sold and marketed; and

f. A duty to supply Plaintiff and Class Members with adequate instructions regarding the safe use of the candles it sold and marketed.

g. Defendant breached its duty of care to Plaintiff and other Class Members, and was thereby negligent, through its acts and omissions, including but not limited to the following:

h. Ordering the production of candles without requiring reasonably safe specifications for the candles and their components when Defendant knew, or by exercise of reasonable care, should have known that injury and/or property damage to Plaintiff and other Class Members was reasonably likely to result from its failure to do so;

i. Ordering the production of candles without requiring safety testing and adequate quality control when Defendant knew, or by exercise

of reasonable care, should have known that injury and/or property damage to Plaintiff and other Class Members was reasonably likely to result from its failure to do so;

j.  Selling candles that Defendant knew, or by exercise of reasonable care, should have known, could not be burned without unreasonable risk of injury and/or property damage;

k.  Continuing to sell the candles after Defendant received reports of the candles functioning unsafely, exploding, causing property damage, burning out of control, flashing out, and/or burning with excessively high flames, when Defendant knew, or by exercise of reasonable care, should have known that continuing to sell the candles was reasonably likely to result in injury and/or property damage to Plaintiff and other Class Members;

l.  Failing to take any remedial or corrective action in response to the reports of the candles functioning unsafely, exploding, causing property damage, burning out of control, flashing out, and/or burning with excessively high flames, when Defendant knew, or by exercise of reasonable care, should have known that continuing to sell the candles was reasonably likely to result in injury and/or property damage to Plaintiff and Class Members;

m. Selling the candles without adequate warning to Plaintiff and Class Members about the risk of harm from burning the candles when Defendant knew, or by exercise of reasonable care, should have known, that injury to Plaintiff and other Class Members was reasonably likely to result from doing so;

n.  That if the flames got high, the candle was unsafe and should be extinguished;

o.  That the candle wax might get so hot while the candle was lit that all or most of the candle wax would liquefy, and that if that happened, the candle was unsafe and should be extinguished;

p.  That the entire pool of melted wax might catch on fire ("flashed over");

q.  That if the candle flashed over, the temperature would be significantly hotter and pose a greater fire hazard than a properly burning candle;

r.  That the glass container might break or explode, propelling broken glass and/or burning or melted wax.

89.   Defendant did not provide any warning or instruction to Plaintiff and Class Members regarding recognizing when the candle was burning unsafely and how to safely extinguish it under such circumstances. Ordinary consumers, such as Plaintiff and Class Members, were unaware of the aforementioned risks and dangers.

90.   As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members bought the candles without knowledge of their defective nature or of their serious safety risks.

91.   As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members purchased unsafe products which could not be used for their intended use.

92.   As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered damages.

93.   Plaintiff and Class Members seek to recover the damage caused by Defendant.  Given Defendant's conscious disregard for the safety of Plaintiff and Class Members, they also seek an award of exemplary damages.

class action complaint

**FOURTH CAUSE OF ACTION**

**VIOLATIONS OF MAGNUSON-MOSS ACT
(15 U.S.C. § § 2301-2312)—IMPLIED WARRANTY**

94.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

95.     Candles are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

96.     Plaintiff and Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

97.     Defendant is a "supplier," as those terms are defined by 15 U.S.C. § 2301(4).

98.     Defendant provided Plaintiff and Class Members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

99.     By Defendant's conduct as described herein, including Defendant's knowledge of the defects contained within the candles and Defendant's action, and inaction, in the face of that knowledge, Defendant has failed to comply with its obligations under its implied promises, warranties, and representations.

100.   As a result of Defendant's breach of implied warranties, Plaintiff and Class Members are entitled to revoke their acceptance of the candles, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

**FIFTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

101.   Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

102.   Defendant received proceeds from its sale of the defective candles, which were purchased by Plaintiff and Class Members for an amount far greater

than the reasonable value of such candles because of such candles' defective character.

103.   In exchange for the purchase price paid by Plaintiff and Class Members, Defendant provided the defective candles that are likely to fail within their useful lives and pose a material risk of "exploding."  There is no reasonable or acceptable rate for candles to explode.  Such defects render the candles unfit, and indeed, unsafe for their intended use.

104.   Plaintiff and Class Members reasonably believed that the candles would function as advertised and warranted, and did not know, nor could have known, that the candles contained latent defects at the time of purchase.

105.   Defendant knew of and appreciated the benefit conferred by Plaintiff and Class Members and has retained that benefit notwithstanding its knowledge that the benefit is unjust.

106.   Under the circumstances, permitting Defendant to retain the proceeds and profits from the sales of the defective candles described herein would be unjust. Hence, Defendant should be required to disgorge this unjust enrichment.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE §§17200, ET SEQ.

## CALIFORNIA'S UNFAIR COMPETITION LAW

107.   Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

108.   By reason of the conduct alleged herein, Defendant engaged in unlawful and unfair business practices within the meaning of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 et seq.

109.   Defendant manufactured and sold – and continues to manufacture and sell – candles that it know can explode. Defendant falsely represented to Plaintiffs and all Class Members that their candles were not in danger of exploding, or,

class action complaint

alternatively, failed to disclose to Plaintiff and the Class that their candles could explode.

110.   Defendant knew or should have known it did not employ reasonable, industry standard, and appropriate measures that would have prevented the candles from exploding.

111.   Even without these misrepresentations and omissions, Plaintiff and all Class Members were entitled to assume, and did assume, that the candles they purchased from Defendant would not explode.

**Unlawful Business Practices:**

112.   Defendant also violated California Civil Code § 1792, *et seq.* in that it failed to sell goods that were of a merchantable quality.

113.   If Defendant had complied with these legal requirements, Plaintiff and all Class Members would not have suffered the damages related to the exploding candles.

114.   Defendant's acts, omissions, and misrepresentations as alleged herein were unlawful and in violation of, inter alia, Cal. Civ. Code §1792.

115.   Plaintiff and all Class Members suffered injury in fact and lost money or property as the result of Defendant's unlawful business practices. Plaintiff and all Class Members have also suffered consequential out of pocket losses for procuring new candles and other expenses relating to correcting property damage caused by the candles.

**Unfair Business Practices:**

116.   Defendant engaged in unfair business practices under the "balancing test." The harm caused by Defendant's actions and omissions, as described in detail above, greatly outweigh any perceived utility. Indeed, Defendant's failure to manufacture candles that could be safely lit without the risk of explosion cannot be said to have had any utility at all. All of these actions and omissions were clearly

injurious to Plaintiff and all Class Members, directly causing the harms alleged below.

117. Defendant also engaged in unfair business practices under the "tethering test." Defendant's actions and omissions, as described in detail above, violated fundamental public policies expressed by the California Legislature. *See, e.g.*, Cal. Civ. Code § 1792. Defendant's acts and omissions thus amount to a violation of the law.

118. Plaintiff and all Class Members suffered injury in fact and lost money or property as the result of Defendant's unfair business practices. Plaintiff and all Class members' PII was taken and is in the hands of those who will use it for their own advantage, or is being sold for value, making it clear that the hacked information is of tangible value. Plaintiff and all Class Members have also suffered consequential out of pocket losses for procuring new candles and other expenses relating to correcting property damage caused by the candles.

119. As a result of Defendant's unlawful and unfair business practices in violation of the UCL, Plaintiffs and all Class members are entitled to damages, injunctive relief, and reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, individually and on behalf of the above defined Class, by and through counsel, pray the Court grant the following relief:

a. An Order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. An Order appointing Plaintiff as representative for the Class and appointing his counsel as lead counsel for the Class;

c. An order awarding Plaintiff and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Defendant described herein;

d. An Order enjoining Defendant, its agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture,

marketing, and sale of the defective candles; requiring Defendant to issue corrective actions including notification, recall, and fully-covered replacement of the candles; and requiring Defendant to preserve all evidence relevant to this lawsuit and notify candle owners with whom it comes in contact of the pendency of this and related litigation;

       e.      Restitution as authorized by law;

       f.      Payment to the Class of all damages associated with the replacement of the defective candles, in an amount to be proven at trial;

       g.      An assessment of punitive damages, consistent with the actual harm Defendant has caused and the reprehensibility of its wanton and willful conduct, and the need to punish and deter such conduct;

       h.      An order awarding attorney's fees pursuant to applicable Federal and State law;

       i.      Interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute; and

       j.      Any and all other and further relief as this Court deems just, equitable, or proper.

## SEVENTH CAUSE OF ACTION

### MANUFACTURING DEFECT

### STRICT PRODUCTS LIABILITY IN TORT

120.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

121.    In addition to or in the alternative to the design defect alleged in his Second Cause of Action, the candles differed from Defendant's intended result or were different from ostensibly identical candles of the same product line at the time they was manufactured, and when placed in the stream of commerce. As manufactured, the candles did not conform to Goop's design. Such lack of

conformity to their design constitutes a manufacturing defect (*i.e.*, a defect in the materials used and/or workmanship.)

122.   The manufacturing defect of the candles were a substantial factor causing harm to Plaintiff and Class members, including, among other things, (i) property damage and (ii) mental anguish. Plaintiff and Class members have incurred expenses related to replacing the candle and property damage.

**WHEREFORE**, Plaintiff and Class members demand judgment against Defendant, granting the following relief:

a.   All economic and non-economic damages to which they are legally entitled to;

b.   Compensation for the value of the loss of the use of the candles;

c.   Compensation for the fair market value of all personal property destroyed or damaged related to the exploding candles; and

d.   Such other relief this Court deems just and appropriate.

## EIGHTH CAUSE OF ACTION

### INADEQUATE WARNINGS

### STRICT PRODUCTS LIABILITY IN TORT

123.   Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

124.   The defects alleged above created risks that were known or knowable to Defendant in light of the scientific knowledge of other candles in the stream of commerce when Defendant manufactured, imported, and/or distributed the candles.

125.   The risks to consumers associated with the defects present a substantial danger when using the candles as intended or in a reasonably foreseeable manner. Goop did not include sufficient warnings or instructions with its candles, or on the packaging materials regarding the dangerous propensity. Accordingly, Defendant did not adequately warn consumers of risks associated with use and did not provide sufficient instructions regarding the product use.

126. Plaintiff was unaware of the risks when he purchased the candle, and at all times preceding the incident. Had Defendant adequately warned of the risk, Plaintiff would not have purchased the candle.

127. Defendant's lack of warnings or instructions were a direct and proximate result of or a substantial factor causing Plaintiff and Class members' damages, which include but are not limited to (i) property damage and (ii) mental anguish.

**WHEREFORE**, Plaintiff and Class members demand judgment against Defendant, granting the following relief:

a. All economic and non-economic damages to which they are legally entitled to;

b. Compensation for the value of the loss of the use of the candles;

c. Compensation for the fair market value of all personal property destroyed or damaged related to the exploding candles; and

d. Such other relief this Court deems just and appropriate.

## NINTH CAUSE OF ACTION

### NEGLIGENCE

### LIABILITY IN TORT BASED ON FAULT

128. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

129. Defendant either inspected the candles, or had a sufficient opportunity to inspect the candles, but failed to do so prior to placing them into the stream of commerce.

130. Defendant had a duty to exercise reasonably prudent care in the design and manufacture of its candles. Defendant also had a duty to exercise reasonably prudent care to inspect its candles prior to their distribution as to avoid an unreasonable risk of injury to consumers, users, and foreseeable bystanders.

131.   Defendant did not exercise due care in the design and manufacturing process of the candles, as well as the post manufacturing inspection process despite owing this duty to its product users, including Plaintiff and Class members.

132.   Failing to exercise due care in the design, manufacturing and inspection processes was objectively unreasonable under the circumstances, and created an unreasonable risk of injury to foreseeable plaintiffs. Therefore, Defendant breached its duty to Plaintiff and Class members.

133.   As a direct and proximate result of Defendant's carelessness, negligence, and recklessness, Plaintiff and Class members sustained damages and losses including but not limited to (i) property damage and (ii) mental anguish.

**WHEREFORE**, Plaintiff and Class members demand judgment against Defendant, granting the following relief:

a.     All economic and non-economic damages to which they are legally entitled to;

b.     Compensation for the value of the loss of the use of the candles;

c.     Compensation for the fair market value of all personal property destroyed or damaged relating to the exploding candles; and

d.     Such other relief this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on any and all counts for which trial by jury is permitted.

DATED:  May 17, 2021

**GREEN & NOBLIN, P.C.**


By:  /s/ Robert S. Green
      Robert S. Green

CLASS ACTION COMPLAINT

class action complaint

James Robert Noblin
Evan M. Sumer
**GREEN & NOBLIN, P.C.**
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California  90804
Telephone: (562) 391-2487
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Phone: 405-235-1560
Fax: 405-239-2112
Email:  wbf@federmanlaw.com

Attorneys for Plaintiff
COLBY WATSON

CLASS ACTION COMPLAINT

class action complaint